UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WILLIAM THOMAS<br>3965 Hillandale Road<br>Toledo, Ohio 43606<br><br>    Plaintiff,<br><br>v.<br><br>ZEIGLER'S HABILITATION<br>HOME, INC.<br>c/o Statutory Agent Kenneth Greiner<br>2409 Stratford Road<br>Delaware, Ohio 43015<br><br>    Defendant. | CASE NO.<br><br>JUDGE<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorse Herein) |

Plaintiff William Thomas, by and through counsel, for his Complaint against Defendant Zeigler's Habilitation Home, Inc. (hereinafter also referred to as "Zeigler Habilitation Home"), states and alleges the following:

## INTRODUCTION

1. Plaintiff brings this case to challenge the policies and practices of Defendant Zeigler Habilitation Home that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the statutes of the State of Ohio.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction over Plaintiff's claims under the statutes and laws of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

5. At all times relevant, Plaintiff William Thomas was a citizen of the Unit ed States and a resident of Lucas County, Ohio.

6. Defendant Zeigler Habilitation Home is an Ohio non-profit corporation with its principal offices located at 540 Independence Rd, Toledo, Ohio 43607. According to records maintained by the Ohio Secretary of State, Defendant's statutory agent for service of process is Kenneth Greiner, 2409 Stratford Road, Delaware, Ohio 43015.[1]

## FACTUAL ALLEGATIONS

### Defendant's Business

7. Zeigler Habilitation Home is an Ohio non-profit corporation that provides residential care for developmentally disabled persons.

### Defendant's Status as an Employer

8. Defendant is an employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and employed non-exempt employees, including Plaintiff.

9. Defendant is an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. Upon information and belief, Defendant operates and controls an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

---

[1] https://businesssearch.ohiosos.gov?=businessDetails/490569 (last accessed June 22, 2021).

**Plaintiff's Employment Status with Defendant**

12. Plaintiff has been employed by Defendant as an hourly manager from approximately December 2016 to the present. Plaintiff is required to work substantial amounts of overtime hours for Defendant. For example, during the two-workweek pay period from August 5, 2018 until August 18, 2018, Plaintiff worked at least 145.5 hours, or at least 65.5 overtime hours during this two-workweek pay period.

13. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, et seq.

14. At all times relevant, Plaintiff was an employee engaged in commerce within the meaning of 29 U.S.C. § 207.

15. Part of Plaintiff's job duties included regularly handling multiple goods and products that have been produced or moved in interstate commerce.

**Defendant's Failure to Pay Overtime Compensation at Time and One Half**

16. During his employment with Defendant, Plaintiff was required to work overtime, more than forty (40) hours per workweek. However, Defendant did not pay overtime compensation to Plaintiff at one and one-half times his "regular rate" of pay. Defendant's Chief Executive Officer Michael Zeigler, Sr. told Plaintiff that Defendant could not afford to pay Plaintiff's overtime.

17. For example, during the two-workweek pay period from August 5, 2018 until August 18, 2018, Plaintiff worked at least 145.5 hours, and was paid for the first 80 hours at a straight time regular rate of $18.00 per hour. Instead of paying overtime at $27.00 per hour for the 65.5 overtime hours worked, as required by the FLSA, Defendant reduced Plaintiff's pay to $15.45 per hour for all overtime hours worked during that two-workweek period. Defendant did

not pay overtime compensation to Plaintiff at the rate of one and one-half times his regular rate for all the hours he worked in excess of forty (40) hours.

18. The FLSA required Defendant to pay overtime compensation to its employees, including Plaintiff, at the rate of one and one-half times their regular rate for the hours they worked in excess of forty. 29 U.S.C. § 207.

19. Defendant did not pay Plaintiff overtime compensation when working more than forty (40) hours in a single workweek as required by the FLSA, 29 U.S.C. § 207.

### The Willfulness of Defendant's Violations

20. Defendant knew that Plaintiff was entitled to overtime compensation pay under federal and state law or acted in reckless disregard for whether he was so entitled. As outlined, above, Plaintiff discussed Defendant's pay practices with Defendant's Chief Executive Officer Michael Zeigler, Sr., who told Plaintiff that he was not paid overtime compensation simply because Defendant could not afford to pay it.

21. Defendant intentionally and willfully circumvented the requirements of the FLSA and Ohio law.

### COUNT ONE
### (FLSA Overtime Violations)

22. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

23. Plaintiff brings this claim for violation of the FLSA's overtime provisions.

24. The FLSA requires that "non-exempt" employees are required to be paid overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

25. Plaintiff should have been paid overtime wages in the amount of 150% of his "regular rate" for all hours worked in excess of forty (40) hours per workweek.

26. Defendant did not pay overtime compensation to Plaintiff at the rate of one and one-half times his regular rate for all of his overtime hours.

27. By engaging in the above practices and policies, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

28. As a result of Defendant's violations of the FLSA, Plaintiff was injured in that he did not receive wages due to him pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

## COUNT TWO
**(Ohio Overtime Violations)**

29. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

30. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03.

31. At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

32. Defendant's failure to compensate overtime hours violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

33. These violations of Ohio law injured Plaintiff in that he did not receive wages due to him pursuant to Ohio law.

34. O.R.C. § 4111.10(A) provides that Defendant, having violated O.R.C. § 4111.03 and injured Plaintiff, is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Enter judgment against Defendant and in favor of Plaintiff;

B. Award compensatory damages to Plaintiff in the amount of his unpaid wages, as well as liquidated damages in an equal amount;

C. Award Plaintiff compensatory damages, prejudgment interest, costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

Respectfully Submitted,

*s/ Ryan A. Winters*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221   F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Ryan A. Winters*
Ryan A. Winters (0086917)